IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                        CRIMINAL ACTION NO. 1:03cr54WJG-2

BYRON LAKEITH WILLIAMS

MEMORANDUM OPINION

      THIS MEMORANDUM OPINION follows the May 17, 2007, entry of a Text Only Order by this Court denying Defendant Byron Lakeith Williams' motion for an extension of time for filing his petition pursuant to 28 U.S.C. § 2255.  (Text Only Order, May 17th, 2007; Ct. R., Doc. 162.)  The motion asserts that additional time is necessary to prepare the petition because other transcripts must be obtained to prepare his pleadings.  (Ct. R., Doc. 162, p. 2.)  Williams contends that he will address the timeliness of the petition at the time the full petition is filed.  (*Id.*)  He seeks an additional 30 days to file his *habeas* petition, from the date that the additional transcripts sought are filed.  (*Id.*, p. 3.)

      The United States contends that Williams was sentenced on December 6, 2004, thus making the *habeas* petition time barred.  (Ct. R., Doc. 163, p. 1.)  Williams did not file his motion within one year of finality of the Judgment, filed on December 14, 2006, (Ct. R., Doc. 115), which bars the filing of his habeas petition, according to the United States.  (*Id.*)

      Williams entered a plea of guilty on July 20, 2004, to Count One of the indictment filed against him charging him with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (Ct. R., Doc. 105, p. 1.)  He was sentenced on December 6, 2004, to 360 months confinement in the Bureau of Prisons on

Count One, 5 years supervised release, and a $100 mandatory special assessment. (Ct. R., Doc. 112.) Williams filed a motion for reconsideration of sentencing on December 4, 2004. (Ct. R., Doc. 111.) That motion was denied on May 11, 2006. (Ct. R., Doc. 128.) Williams filed a notice of appeal on the denial of his motion to reconsider sentencing on June 7, 2006. (Ct. R., Doc. 130.) The appeal was dismissed by Williams on August 7, 2006. (Ct. R., Docs. 133, 140.)

I.      Timeliness of the *Habeas* Petition

The AEDPA provides as follows:

> A 1-year period of limitation shall apply to a an application for a writ of habeas corpus by a person in custody pursuant to the motion under this section. The limitation period shall run from the latest of:
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The AEDPA's statute of limitations applies to all *habeas* petitions filed after the AEDPA went into effect. *United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998), *cert. denied* 525 U.S. 1091 (1999), *reh'g denied* 525 U.S. 1188. Under 28 U.S.C. § 2255, the one-year statute of limitations shall run from the latest of --

> (1) the date on which the judgment of conviction becomes final.
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[A] conviction becomes final when a defendant's options for further direct review are foreclosed, whether or not those options have been pursued." *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000). This would include time to seeking certiorari at the United States Supreme Court, regardless of whether such a petition is filed. *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000). Williams' appeal was dismissed by the Fifth Circuit Court of Appeals on November 8, 2006, and he did not file a petition for writ of *certiorari* with the United States Supreme Court. The instant petition should have been filed by no later than February 6, 2007, to be considered timely under the AEDPA. *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000). Accordingly, the Court finds that Williams has had ample time to request an extension on filing his 2255 petition and to contemplate his reasons for vacating his sentence and timely file his petition. *See Felder v. Johnson*, 204 F.3d 168, 170-2 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035. Williams offers no reasons for the delay in filing his motion until well beyond the one-year limitation period, thus, the Court concludes that Williams' motion for an extension of time to file his section 2255 petition should be denied.

RENDERED, this the 1st day of June, 2007, in conjunction with the Text Only Order entered by this Court on May 17, 2007.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE
